IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEBRA PIPPINS**

               **PLAINTIFF**

**VS.**

    **CAUSE NO. 3:18-CV-00541-HTW--LRA**

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
MARSHALL L. FISHER, CHAIRMAN OF THE
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
AND JAMES WALKER, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY**          **DEFENDANTS**

**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO THIS COURT'S TEXT ORDER OF OCTOBER 13, 2021**

      **COMES NOW**, the Plaintiff, **DEBRA PIPPINS**, (hereinafter sometimes referred to as "***Plaintiff Pippins*** *or* ***Pippins***"), by and through counsel, and files this "*Plaintiff's Supplemental Memorandum in Support of Response to Defendants' Motion for Summary Judgment with Additional Authority Pursuant to the Court's Text Order of October 13, 2021*" and Plaintiff Pippins would show that her supplemental briefing is as follows:

### SUPPLEMENTAL BRIEFING OF PLAINTIFF PIPPINS

### TITLE VII RETALIATION

      In *Fisher v. Bilfinger Indus. Servs., 2021 U.S. App. LEXIS 18889 (5th Cir. 2021),* the Fifth Circuit Court of Appeals held that Title VII makes it "an unlawful employment practice for an employer to discriminate against any of his employees...because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing

1

under this subchapter." *42 U.S.C. § 2000e-3(a).*

To establish a prima facie case of retaliation, Pippins must establish: "(1) she engaged in conduct protected by Title VII; (2) she suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action." *Cabral v. Brennan, 853 F.3d 763, 766-67 (5th Cir. 2017) (quoting Jenkins v. City of San Antonio Fire Dept., 784 F.3d 263, 269 (5th Cir. 2015).*

## ADVERSE EMPLOYMENT ACTION AND PLAINTIFF PIPPINS

As espoused in ***Smith v. Summit Midstream Partners LP, 2021 U.S. Dist. LEXIS 196942 (N.D. Tex. 2021)***, this "judicially-coined term refer[s] to an employment decision that affects the terms and conditions of employment   ... such as hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson*, 764 F.3d at 503 (cleaned up); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) (holding that the anti-discrimination provision of Title VII "explicitly limit[s] the scope of that provision to action that affect employment or alter the conditions of the workplace").

As espoused in *Fisher, supra*, adverse employment actions are discharges, demotions, refusals to hire, refusals to promote, and reprimands." *Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000) (quoting *Pierce v. Texas Dep't of Criminal Justice, Institutional Div.*, 37 F.3d 1146, 1149 (5th Cir. 1994))

Pippins filed her EEOC Charge in September 2017 against her employer, the Defendant MDPS. Pippins claimed retaliation tracing back to Ken Brown, *infra*. The adverse employment actions that Pippins has faced since 2014 have been substantial. Losing her administrative access to serving as a switchboard operator, at all material times alleged in this litigation, is a "long

leap" from performing administrative duties that she "exceeds expectations" in her last evaluation in 2011.  These adverse actions were continuous.

There were times after the October 2015 transfer that Pippin had no work to do, and no administrative work to perform as set forth in her job description.  Pippins was constructively demoted by Defendant MDPS and she suffered ***significantly diminished*** (and non-duties after her transfer) ***material responsibilities***.

***Holmes v. DEA, 512 F. Supp. 2d 826, 840, (W.D. Tex. 2007)***, held that an adverse employment action has been defined as:

"a materially adverse change in the terms and conditions of employment [that] must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, ***a less distinguished title, a material loss of benefits, significantly diminished material responsibilities or other indices that might be unique to a particular situation.***" *Emphasis added.*

A transfer and demotion, as in the case, *sub judice*, is evidenced by Pippins having lost her proper MDPS classification, and the altering of the terms and condition of her employment.

The Fifth Circuit has recognized situations where a campaign of retaliatory harassment can amount to an adverse employment action. To be actionable, "the campaign of retaliatory harassment [must] rise to such a level as to constitute a ***constructive adverse employment action***." Breaux v. City of Garland, 205 F.3d 150 (5th Cir. 2000).

The action taken against Pippins was adverse and retaliatory and reduced her job function to "being idle at work" and "answering a telephone" as presented to this Court in Plaintiff's Response and Memorandum.  ***Docket No. 39-41, and Docket No.42***.

## CONTINUING VIOLATION DOCTRINE

The continuing-violation exception is an equitable doctrine that extends the limitations

period on otherwise time-barred claims when the unlawful employment practice in question "manifests itself over time, rather than as a series of discrete acts." *Noack v. YMCA of Greater Hous. Area, 418 F. App'x 347, 351 (5th Cir. 2011).*

*Lehman v. Guinn, 2021 U.S. Dist. LEXIS 48744, 2021 U.S. Dist. LEXIS 48744, 2021 WL 935887 (W.D. La., 2021),* held that the continuing violation doctrine is a federal common law doctrine governing accrual. *Heath v. Bd. Of Supervisors for S. Univ. & Agric. & Mech. Coll., 850 F.3d 731, 740 (5th Cir. 2017).* This doctrine "extends the limitations period for otherwise time-barred claims..." *Noack v. YMCA of Greater Hous. Area, supra.*.

For the continuing violation doctrine to apply, plaintiff must show that the violation manifested itself over time, rather than in a series of discrete acts. *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003). The Fifth Circuit has applied this doctrine most commonly in the context of ***employment discrimination suits*** but has "recognized its potential applicability in other areas of law as well." *Texas v. United States*, 891 F.3d 553, 562 (5th Cir. 2018)

In *Downey v. Southern Natural Gas Co., 649 F.2d 302, 305 (5th Cir.), reh'g denied, 656 F.2d 704 (5th Cir.1981)*, time-barred acts of discrimination were considered relevant to the issue of constructive discharge. See also: Fisher v. Procter & Gamble Mfg. Co., 613 F.2d 527, 540 (5th Cir.), reh'g denied, 618 F.2d 1389 (5th Cir.1980), cert. denied, 449 U.S. 1115, 101 S.Ct. 929, 66 L.Ed.2d 845 (1981) (time-barred acts ruled admissible to show current conduct); Crawford v. Western Elec. Co., 614 F.2d 1300, 1314 (5th Cir.), reh'g denied, 620 F.2d 300 (5th Cir.1980) (time-barred conduct deemed relevant to show current discriminatory practices).

In *Downey, supra*, the Fifth Circuit Court of Appeals held that "while some or most of

this evidence may concern time-barred conduct, it is relevant, and may be used. to illuminate current practices which, viewed in isolation, may not indicate discriminatory motives.' " *Id. at 305 (quoting Crawford, 614 F.2d at 1314)*.

The Supreme Court has likewise recognized that, although time-barred acts themselves can create no present legal consequences, they "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue." *United Air Lines, Inc. v. Evans, 431 U.S. 553, 558, 97 S. Ct. 1885, 1889, 52 L.Ed.2d 571 (1977)*.

In *United Air Lines, supra*, the Supreme Court held that the district court did not erroneously impose liability for time-barred acts. Nor did it err in considering evidence of those acts. Consequently, we need not decide whether the statute of limitations period was tolled by equitable estoppel or whether Maxus' employment practices amounted to a continuing violation under Title VII.

## **FIRST AMENDMENT CLAIM OF PLAINTIFF PIPPINS**

In Gibson v. Kilpatrick, 838 F.3d 476, 2016 U.S. App. LEXIS 17290 (5th Cir.2016), the Fifth Circuit held that speech involves matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public.

If a public employee takes his job concerns to persons outside the work place in addition to raising them up the chain of command at his workplace, then ***those external communications*** are ordinarily not made as an employee, but as a citizen. *Gibson, 838 F.3d at 482*.

Plaintiff Pippins reported the conduct of officials of Defendant MDPS internally and externally, going to the EEOC.

In considering the content, form, and context of a statement to determine whether it involves matters of public concern, "no factor is dispositive." *Snyder v. Phelps, 562 U.S. 443, 454, 131 S. Ct. 1207, 179 L. Ed. 2d 172 (2011)*. Yet, it has been said that "context and form are weighed more heavily than content." *Davis v. Matagorda Cty., 2019 U.S. Dist. LEXIS 33459, 2019 WL 1015341, at *9 (S.D. Tex. Mar. 4, 2019) (citing Teague v. City of Flower Mound, 179 F.3d 377, 382 (5th Cir. 1999)), adopted as amended, 2019 U.S. Dist. LEXIS 50170, 2019 WL 1367560 (S.D. Tex. Mar. 26, 2019).*

The *content of speech* concerns a matter of public concern 'if releasing the speech to the public would inform the populace of more than the fact of an employee's employment grievance.'" *Dumas, 2017 U.S. Dist. LEXIS 72672, 2017 WL 1969641, at *6 (quoting Branton v. City of Dallas, 272 F.3d 730, 740 (5th Cir. 2001).*

In the case, *sub judice*, the facts set forth by Plaintiff Pippins were of a public concern and her protected speech [*internally* -MDPS (including Ken Brown's internal affairs investigation in October 2018) and *externally* – (Charge filed with the EEOC in September 2017)] resulted in her unlawful treatment and retaliation by officials of the Defendant MDPS, and Defendants Fisher and Walker.

**RESPECTFULLY SUBMITTED**, this the 18th day of October, 2021.

**DEBRA PIPPINS, PLAINTIFF**

**/s John M. Mooney, Jr.**
**BY: JOHN M. MOONEY, JR.,**
**HER ATTORNEY**

**JOHN M. MOONEY, JR.**
**LAW OFFICES OF JOHN M. MOONEY, JR., PLLC**
208 Waterford Square, Suite 100
Madison, Mississippi 39110
Telephone: (601) 981-9555
Facsimile:  (601) 981-7922
**MBIN: 3431**

**ATTORNEY FOR PLAINTIFF, DEBRA PIPPINS**

## CERTIFICATE OF SERVICE

I, John M. Mooney, Jr., do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

**SO CERTIFIED**, this the 18th day of October, 2021.

            **By \s\ John M. Mooney, Jr.**
             **JOHN M. MOONEY, JR.**